FILED

2017 Mar-06 AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| HARPREET SINGH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-cv-00237-VEH-HGD |
| | ) | |
| LORETTA LYNCH, et al., | ) | |
| | ) | |
| Respondents | ) | |

# **O R D E R**

The respondents in the above-styled cause have filed a response to the court's

Order to Show Cause, in which respondents seek dismissal of the petition for habeas

corpus. Inasmuch as the motion has been supported by exhibits, the court will deem

the motion to be one for summary judgment pursuant to Rule 56 of the *Federal Rules*

*of Civil Procedure*. *See* Rule 12 of the *Rules Governing Section 2254 Cases*[1] and *Hill*

*v. Linahan*, 697 F.2d 1032 (11th Cir. 1983). The purpose of this order is to notify the

petitioner that the motion will be treated by the court as a motion for summary

judgment, and to further inform the petitioner of his right to file affidavits or other

materials in opposition to the motion, and of the consequences of default.

---

[1] The *Rules Governing Section 2254 Cases* are applicable to petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), *Rules Governing Section 2254 Cases*.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it.  The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial.  If the party opposing the motion does not comply with Rule 56, the court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute.  In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and judgment entered in their favor.  The granting of summary judgment is a final adjudication with prejudice on the merits.

The petitioner in this action shall have twenty (20) days from the date this order is entered to respond to the motion for summary judgment.  Thereafter, the motion will be taken under submission by the court and an order entered thereon without further notice.

# RULE 56, FEDERAL RULES OF CIVIL PROCEDURE

## NOTICE AND EXPLANATION

**General Description.**    The summary judgment procedure established in Rule 56 provides a means to decide some or all claims in a case **without a trial** if the material facts on which the claims are based are without genuine dispute, so that only questions of law are involved.  Granting of summary judgment means that the merits of the claim are decided without a trial or other evidentiary hearing.  In contrast, denial of summary judgment is not a decision on the merits, but merely means that the claim involves factual issues that cannot be decided without an evidentiary hearing. A motion for summary judgment that is denied may, however, be renewed at a later time if justified by the facts of the case.

**How Requested.**    A motion for summary judgment may be filed by a respondent at any time and may be filed by a petitioner after the respondent has moved for summary judgment or after the suit has been pending for more than twenty (20) days.  The motion must be served on adverse parties at least ten (10) days before the time it may be taken under submission by the court for a decision.  In addition, the court may order that another pleading or motion be treated as a motion for summary judgment and be taken under submission for a decision after a minimum of ten (10) days.

**How Supported.**   In showing what facts are not in genuine dispute, the moving party may rely upon the pleadings, depositions, answers to interrogatories, and admissions on file in the Clerk's office, together with any affidavits filed with its motion.

**How Opposed**.   Ordinarily, the party against whom summary judgment is sought may not rely merely upon allegations and denials contained in its own pleadings to show that facts are in dispute.  Rather, such party must show the specific facts asserted to be in genuine dispute on the basis of the pleadings of the moving party, depositions, answers to interrogatories, and admissions on file, together with any affidavits it may file in the Clerk's office prior to the date the motion is to be taken under submission (or such other date as the court may specify).  Failure to respond is an acknowledgment that the motion may be decided on the basis of the materials on file with the Clerk.

**Affidavits.**  Affidavits supporting or opposing a motion for summary judgment must be served on adverse parties and filed in the Clerk's office (not attached to briefs) prior to the date the motion is to be taken under submission.  Affidavits must either be notarized or be subscribed as true under penalty of perjury.  Affidavits will be considered only with respect to facts as to which the person making the affidavit is shown to have personal knowledge and is otherwise competent as a witness, and which would be admissible in evidence at a trial.  Sworn or certified copies of all

papers referred to in any affidavit shall be attached to the affidavit.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

**Submission of Motion.**  A motion for summary judgment will be "heard"--that is, submitted to the court for a decision--at a date set by the court not less than ten (10) days after the motion is filed (exclusive of any intermediate Saturdays, Sundays, and federally-recognized holidays).  All materials supporting or opposing the motion must be filed and served prior to the date of submission.  In ruling on the motion, the court determines whether the materials submitted would, if presented at a trial, raise an issue not subject to a directed verdict under F.R.Civ.P. 50.

**Additional Time.**   Any request for additional time to oppose a motion for summary judgment should be presented by affidavit showing the reasons why such extension of time is needed.

**Consequences of Summary Judgment.**  If summary judgment is granted, the merits of that claim are decided **without a trial or other evidentiary hearing**; this decision is final and subject to appeal if it resolves all claims in the case or is entered as final under F.R.Civ.P. 54(b).  Denial of summary judgment is not a decision on the merits of a claim, but merely means that an evidentiary hearing will be needed to decide some factual issues involved in the claim.  In denying summary judgment, however, the court may direct that certain factual matters--although not dispositive

of the entire claim--are not in genuine dispute and shall be taken as established without further evidence at the trial.

**Sanctions.**  A party presenting an affidavit under Rule 56 in bad faith or solely for purpose of delay may be ordered to pay the adverse party reasonable expenses (including attorneys' fees) caused thereby and may be adjudged guilty of contempt. In addition, the requirements and sanctions specified in F.R.Civ.P. 11 apply to motions, briefs, and other signed documents filed in connection with Rule 56 motions.

DONE and ORDERED this 6th day of March, 2017.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE